**Darryl D. JONES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–0503–CR–136.

Court of Appeals of Indiana.

Sept. 14, 2005.

Brian J. May, South Bend, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Darryl Jones appeals his convictions for murder and attempted murder. We affirm.

### Issues

Jones raises one issue for review, which is whether the trial court properly admitted testimony relating a statement made by a co-conspirator during the commission of the crimes for which Jones was convicted.

### Facts

The facts most favorable to the convictions are that on January 21, 2004, Darryl Jones, Marcus Ward, and Antoine Bird agreed to rob Teron Reid and Quinton Price of $3,000 worth of cocaine or marijuana. The parties communicated with Reid regarding a drug transaction and subsequently traveled to Reid's residence. Ward entered the residence first followed by Bird, who attacked Reid and his broth-

er Kelvin Franklin, and Jones, who stole money from Reid. Jones and Bird continued to beat Reid and Franklin, and Ward stole a handgun from Reid's kitchen.

Quinton Price then arrived at Reid's residence with the drugs that Jones, Ward, and Bird were purportedly going to purchase. After Price entered the residence, Jones stole his handgun. Bird shot Reid in the leg, thus igniting a fight between Bird and Price during which Bird shot Price in the chest. Price began to run for the door, and Jones, Bird, and Ward all fired their guns at him. Price was killed. The three men then attempted to kill Reid and Franklin but did not have enough ammunition. After Jones made an unsuccessful attempt to shoot Franklin in the head, the men left.

Jones was charged with one count of murder, one count of felony murder, two counts of attempted murder, and one count of robbery. He was convicted by a jury on January 14, 2005, and the State dismissed its felony murder charge on February 17, 2005. The trial court sentenced Jones to a total of 180 years.

Reid and Franklin survived the attack and testified against Jones. Marcus Ward also testified for the State at Jones's trial. On direct examination, the State asked Ward if, at a certain point during the attack, "anything [was] demanded from either Kelvin or Teron." Tr. p. 547. Ward began to respond that Bird was demanding something, and counsel for Jones raised a *Crawford* objection. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The trial court initially sustained Jones's objection but ultimately ruled that Ward's statement was not hearsay and allowed the witness to answer the question. Ward testified that "[Bird] told Teron he wasn't playing with him. Call your guy and let him know hurry up and bring that dope." Tr. p. 552–53.

Jones was convicted of one count of murder and two counts of attempted murder. He now appeals.

## Analysis

■■■ Jones argues that the trial court erred in admitting Bird's statement during trial.

A trial court has broad discretion in ruling on the admissibility of evidence. Accordingly, we will reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion. An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court.

*Abran v. State*, 825 N.E.2d 384, 389 (Ind. Ct.App.2005), (citations omitted), *trans. denied.*

Jones argues that the trial court's ruling denied him the right to cross examine Bird as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and that it thus runs afoul of *Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374. We disagree.

The *Crawford* Court held:

Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law .... Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.

*Id.* at 68–69, 124 S.Ct. at 1374. Although the *Crawford* Court declined to specifically define "testimonial," it cited *Dutton v. Evans*, 400 U.S. 74, 87–89, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970), for the proposition that co-conspirators' statements are nontestimonial. *Crawford*, 541 U.S. at 57, 124 S.Ct. at 1368. Bird's statement, about which Ward testified at Jones's trial, was a

co-conspirator's statement [1] and, thus, was nontestimonial. According to *Crawford*, the decision to admit such a statement is a determination that is governed by the Indiana Evidence Rules. *See Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374.

The trial court admitted Ward's testimony pursuant to Indiana Evidence Rule 801(d)(2)(E), which categorizes a "statement by a co-conspirator of a party during the course and in furtherance of the conspiracy" as nonhearsay. Jones concedes that the trial court's reliance on this rule is "based on logic," and we agree. Appellant's Br. p. 8. Bird was a co-conspirator and made the statement at issue while Jones, Bird, and Ward were in the middle of their attack on Reid, Price, and Franklin. The statement clearly falls within the definition provided by Indiana Evidence Rule 801(d)(2)(E) and was properly admitted by the trial court. We find no *Crawford* situation here.

### Conclusion

We find no error in the trial court's decision to admit Bird's statement under Indiana Evidence Rule 801(d)(2)(E). We affirm.

Affirmed.

CRONE, J., and NAJAM, J., concur.

---

1. Ward testified that he, too, was charged in connection with the attack on Reid, Price, and Franklin. Tr. p. 536. Ward further testified that on the day of the attack, he, Jones, and Bird discussed the robbery in which they planned to participate that evening. *Id.* at 539–41. Based on this testimony, as well as the fact that both Jones and the State refer to the three men as "co-conspirators," we will treat them as such for purposes of this opinion. Jones does not argue otherwise.